[Decided July 14, 1888.]

## BARTON L. BAKER AND WIFE *v.* JAMES M. PREWITT.

1. DEFAULT—WAIVER OF OBJECTIONS—SUMMONS.—Where a defendant personally served with summons suffers judgment by default, his objections, made for the first time in the Supreme Court, that the summons does not state the general nature of the action, will not be considered.

2. DAMAGES, ASSESSMENT OF—WAIVER OF TRIAL BY JURY.—Sections 204 and 289 requiring the intervention of a jury, it must be called, unless expressly waived; and, where damages are assessed by the court, the judgment will be reversed and remanded solely for the purpose of having a jury assess the damages, though objection was made for the first time in the Supreme Court.

ERROR to the District Court holding terms at Walla Walla. First District.

The complaint alleged, in substance, the execution of a deed by the defendants to the plaintiff, containing a covenant of warranty against all incumbrances upon the property conveyed, and the existence of a valid mortgage upon the property at the time of the conveyances, which was afterwards foreclosed and the property was sold to satisfy the same, and the plaintiff's title, under the deed, was divested by the sale; and that defendants had failed to satisfy this incumbrance, and had refused, after demand made, to defend against the foreclosure suit, all of which they had covenanted to do under the deed. The prayer in the complaint was for judgment for $1500, being the purchase price paid by the plaintiff to defendants, with legal interest from time of payment, and costs. The summons, issued after the filing of the complaint, contained no statement of the cause and general nature of the action, and was personally served upon one of the defendants, and a judgment of default for want of answer or appearance was rendered by the court without the intervention of a jury, and without any waiver of trial by jury, for the amount prayed for. From this judgment the defendants appealed.

*Mr. J. B. Allen,* and *Mr. D. J. Crowley,* for the Plaintiff in Error.

The summons is the jurisdictional process, and must within itself furnish the information relative to the nature and cause of the action that the legislature intended should be given a defendant. (Sess. Laws 1885–6, p. 67.) The provisions of the law in regard to a summons are mandatory. This statute is taken from the state of California, and the courts of that state have given it the construction contended for herein. (*Lyman* v. *Milton*, 44 Cal. 630; *Ward* v. *Ward*, 59 Cal. 139; *Osborn* v. *McCloskey*, 55 How. 345.) If this action sets forth any right of recovery, it is for the recovery of damages resulting from the breach of a covenant of title and a partial loss of the warranted premises. Under the provisions of the Code, a judgment by default is allowed in but one instance, that of the recovery of money only in an action arising on contract—that is, where the amount of the recovery is a mere matter of computation. In other cases, and especially where the action is for the recovery of damages, proofs must be adduced and damages assessed by the verdict of a jury. A jury can be waived by parties only by written stipulation, filed, or oral consent in open court, duly entered. (Code, secs. 289, 204; Proffat on Jury Trials, secs. 110, 111; *Shaw* v. *Kent*, 11 Ind. 80; *McCoy* v. *Lemon*, 11 Richardson's Law, 70 Am. Dec. 246; *Worster* v. *Proprietors of Canal Bridge*, 16 Pick. 541; 1 Sutherland on Damages, p. 773; *Bates* v. *Loomis*, 5 Wend. 135; *Chicago & Iowa R. R. Co.* v. *Wm. Baker*, 73 Ill. 316; *Parker* v. *Wardner*, 13 Pac. Rep. 172.)

*Mr. J. H. Lasater*, and *Mr. A. E. Isham*, for the Defendants in Error.

The statute relating to summons is directory and not mandatory, and should be liberally construed, especially where no merit is shown. (Code, sec. 94; *Shinn* v. *Cummins*, 65 Cal. 97.) The action was upon joint contracts—two covenants—for the recovery of money only; the damages for the breach of the covenants is fixed by law at the purchase price of the land and interest thereon. (Washburn on Real Property, vol. 3, 3d ed. 419, 422, 423; *Chapel* v. *Bull*, 17

Mass. 213; *Brandt* v. *Foster,* 5 Iowa, 298; *Nichol* v. *Alexander,* 28 Wis. 118; *Dimmick* v. *Lockwood,* 10 Wend. 142; *Arrigoni* v. *Johnson,* 6 Or. 167.) The complaint was for the recovery of $1500 and legal interest; the prayer and summons was for the same, under such notice; if defendants wanted to take advantage of only a partial failure of their covenants, they should have appeared and raised that issue by answer, and it is too late now to raise that issue for the first time. The defendants being legally served and the default duly entered, judgment in such cases may be rendered, even upon a complaint for unliquidated damages. (*Hartman* v. *Williams,* 4 Cal. 255.)

Mr. Justice ALLYN delivered the opinion of the court.

James M. Prewitt, March 17, 1887, filed a complaint for $1500 damages for breach of warranty in the sale of two hundred and forty acres of land, one hundred and sixty acres of which, being incumbered, was lost to the grantee, appellee. April 16, 1887, motion for default and judgment by plaintiff was allowed. April 19, 1887, at chambers, judgment was rendered in favor of plaintiff and against defendants for $1925 and costs. Complaint is made by appellant that the summons does not first state the general nature of the action, etc. This may be conceded; but a defendant, having been personally served with summons, and also copy of complaint, and not having appeared and questioned it, and after judgment making no objections, but having appealed and made his objection for the first time in this court, is rather late and entitled to little consideration. We refuse, therefore, to consider this question.

The objection is made that in this action assessment of damages for breach of warranty—the action of the court in allowing judgment for the amount claimed on default—was improper, and we are inclined to agree with this view. Sections 204 and 289 of the Code seem to require that in all actions for the assessment of damages the intervention of a jury must be had, save where a long account may authorize a referee, etc. This statute is mandatory, and we are satis-

fied that where the amount of damages is not fixed, agreed upon, or in some way liquidated, a jury must be called, unless expressly waived.  Contention is made that under the provisions for setting aside judgments irregularly obtained, it was the duty of appellant to have called the attention of the court below to the irregularity and had it corrected there.  There is great force in this suggestion, and we would like to agree to it; for a party having calmly slept on an error in the court below, and in no way given such court an opportunity to correct it, comes here with poor grace.

We do not feel that appellant is entitled, for these reasons, to any relief; but, unfortunately, in our judgment, the mandatory provisions of the Code were disregarded, and the matter should have been referred to a jury to assess the damages.  The judgment will be reversed and remanded to the court below, solely for the purpose of having a jury assess the damages, and for no other.  There can be no defense or trial on the merits; all that is "too late."  But the question of the amount of damages to which plaintiff is entitled must be referred to and ascertained by a jury; and for that purpose alone the judgment is reversed and the cause returned to the court below, in accordance with this opinion.  The costs, including those in this court, will follow the judgment below, when it is thus ascertained.

JONES, C. J., and NASH, J., concurred.

---

[Decided August 14, 1888.]

NOTE BY REPORTER.—Mr. Justice Nash also announced that findings of fact and a fuller review of the case would be filed by him at a later date.